FOER WALL PAPER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10103. Promulgated November 28, 1927.

*Lawrence Koenigsberger, Esq.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

OPINION.

Morris: The first question presented is whether certain expenditures were for capital items or for ordinary and necessary repairs. In *Appeal of Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103, we pointed out the difference between capital items and ordinary and necessary expenses in the following language:

In determining whether an expenditure is a capital one or is chargeable against operating income, it is necessary to bear in mind the purpose for which the expenditure was made. To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations,

improvements or additions which prolong the life of the property, increase its value, or make it adaptable to a different use. The one is a maintenance charge, while the others are additions to capital investment which should not be applied against current earnings.

Under the facts in this case the addition of a new concrete cellar, and the alteration and improvement of the store front, and the installation of new plate glass windows constituted capital expenditures and are not deductible. The cost of mending leaks and plastering were repair items which should be deducted from current income.

The second error assigned was that respondent erroneously added to income $6,710.11 representing a bad debt owing from the petitioner's president. The deduction is now claimed either as a bad debt or as additional compensation. Under either claim we are satisfied that petitioner is not entitled to the deduction. For a number of years prior to and during the taxable year in question the petitioner advanced money to its president for the payment of his personal indebtedness. The amounts so advanced were charged to his personal account and carried as an account receivable. During 1920 his account was debited with $13,923.57 and credited with $3,828.02, making a debit balance at the end of the year of $10,095.55, of which amount $6,710.11, the item in controversy, was charged to profit and loss and the balance was carried forward to the year 1921. The record is silent as to any demand which may have been made on Foer to pay the debt, or as to any efforts on the part of the petitioner to collect the amount charged off. Substantial payments were made on the account during 1920. Only a part of the debit balance was charged off and additional advances and payments were made during 1921. These facts in our opinion are not consistent with the petitioner's contention that $6,710.11 was a bad debt ascertained to be worthless.

The evidence does not support the alternative proposition that the amount constituted additional compensation. It was carried as an account receivable. Foer drew an authorized salary of $2,600 per annum and it was testified that those interested in working out the affairs of the business were endeavoring to keep salaries at a minimum. There is no showing of any additional salary authorization or that the services rendered by Foer entitled him to any amount in excess of $2,600. We are therefore of the opinion that the amount of $6,710.11 is not an allowable deduction.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by MURDOCK and SIEFKIN.